**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street S.W., Suite 800<br>Washington, DC 20024,<br><br>       Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue N.W.<br>Washington, DC 20530-0001,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On October 23, 2018, President Joe Biden's son Hunter Biden and daughter-in-law Hallie were involved in an incident later reported by Politico. According to the article, published on March 25, 2021, Hallie took a gun belonging to Hunter and disposed of it in a trash receptacle behind a grocery store in Delaware. Later, the gun was missing from the trash can.

6. On January 30, 2023, Plaintiff submitted a FOIA request to the FBI, a component of the DOJ, seeking access to:

   A. All records, including but not limited to investigative reports, telephone logs, witness statements, memoranda, and firearms purchase documentation, related to the reported purchase, possession, and disposal of a firearm owned by Hunter Biden discarded in a Delaware trash receptacle circa October 2018.

   B. All records of communications sent to and from FBI officials internally and with outside parties regarding the reported purchase, possession, and disposal of a firearm owned by Hunter Biden discarded in a Delaware trash receptacle circa October 2018 referenced in Bullet [A].

The time frame for the records sought is October 1, 2018 to the present.

7. By letter dated February 27, 2023, the FBI informed Plaintiff it was denying the request pursuant to FOIA exemptions 6 and 7.

8. On February 28, 2023, Plaintiff submitted an administrative appeal to the Office of Information Policy, another component of the DOJ. Plaintiff has received no response.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's appeal by March 28, 2023, at the latest. Because Defendant failed to make a final determination on Plaintiff's FOIA appeal within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

//

//

//

- 4 -

Dated: April 4, 2023

Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Phone: (202) 646-5172
mbekesha@judicialwatch.org

*Counsel for Plaintiff*