IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:23-cv-00920-JMC<br>) |
| U.S. DEPARTMENT OF JUSTICE, | )<br>) |
| Defendant. | )<br>) |

**JOINT STATUS REPORT**

This action concerns a FOIA request made by Plaintiff Judicial Watch, Inc. to the Federal Bureau of Investigation (FBI), a component of Defendant Department of Justice. Plaintiff seeks certain records relating to "the reported purchase, possession, and disposal of a firearm owned by Hunter Biden discarded in a Delaware trash receptacle circa October 2018." ECF No. 1 ¶¶ 6, 7. Pursuant to the Court's August 3, 2023 minute order, the parties have conferred about a proposed schedule for this matter, but have been unable to reach agreement. The parties therefore provide their respective positions below.

**Defendant's Position**

FBI has completed a search for records responsive to Plaintiff's request and is currently processing those records. FBI's position is that the number of potentially responsive records is exempt from disclosure under FOIA exemption 7(A), as this case relates to an ongoing criminal investigation. *See* 5 U.S.C. § 552(b)(7)(A) (FOIA does not apply to information where disclosure "could reasonably be expected to interfere with enforcement proceedings"); *see also* U.S. Attorney's Office, District of Delaware, *Tax and Firearm Charges Filed Against Robert Hunter Biden*, U.S. Department of Justice (June 20, 2023), https://www.justice.gov/usao-de/pr/tax-and-

firearm-charges-filed-against-robert-hunter-biden. An ongoing investigation creates the need for increased internal review, including in this case review by the Special Counsel. To permit sufficient time for this review, FBI proposed production of all responsive, non-exempt information subject to FOIA by December 18, 2023, except any records referred to other government agencies for consultation that have not been returned and processed by that date, in which case those documents would be processed promptly after they are returned to Defendant. As an alternative, FBI proposed that the case be bifurcated to permit initial adjudication of the exemption 7(A) issue, which might obviate or reduce the need for further proceedings.[1] In that event, FBI proposed that it file a summary judgment motion as to exemption 7(A) by January 31, 2024, to permit time for the discussed reviews and preparation of a supporting declaration. FBI is amenable to either proposal, but Plaintiff has rejected both, and has proposed earlier deadlines that are not reasonably attainable. Although Plaintiff contends that this matter is of public interest and time sensitive, it did not seek expedited processing. In order to treat all requesters fairly—including others who filed requests ahead of this one—and to permit FBI to accomplish the necessary referrals, the Court should adopt either of the two proposals FBI has suggested.

## Plaintiff's Position

This is case is indisputably of significant public intertest. It is also time sensitive. Plaintiff has asked and Defendant has refused to provide the number of potentially responsive records that needs to be processed in this case. Without this number, Plaintiff cannot evaluate – let alone agree to – a processing time of 120 days. In addition, because it appears as though Defendant will be providing Plaintiff with a "no number, no list" response at the end of the 120 days, it could be more efficient and economical for the parties to simply commence summary judgment briefing

---

[1] FBI is unable to verify whether there is any responsive, segregable information that is not subject to exemption 7(A) until it completes its processing.

and for Defendant to file its opening brief in 60 days. Because this case could proceed down several different paths, Plaintiff believes this case may benefit from a status conference at this juncture.

Dated: August 25, 2023                                         Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Christian S. Daniel
Christian S. Daniel (DC Bar No. 1600226)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Rm. 12304
Washington, D.C. 20005
Tel: (202) 514-5838
Email: christian.s.daniel@usdoj.gov

*Counsel for Defendant*

3